UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MOSHE MANESS, on behalf of himself and all : 
others similarly situated, :
 :
                Plaintiffs, :   Case No. 20-cv-00031
 :
      v. :
 :
YARDI SYSTEMS, INC., :
 :
                Defendant. :
------------------------------------------------------------ x

## DEFENDANT YARDI SYSTEMS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant Yardi Systems, Inc. ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., answers the Complaint filed by Plaintiff Moshe Maness ("Plaintiff") as follows:

### INTRODUCTION

1. Defendant denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiff purports to assert claims against it.

2. Defendant denies the allegations in paragraph 2 of the Complaint, except admits that Plaintiff purports to assert claims under the New York City Human Rights Law (the "NYCHRL") and the New York State Human Rights law (the "NYSHRL").

3. Defendant denies the allegations in paragraph 3 of the Complaint, except admits that Plaintiff purports to assert claims under the Americans with Disabilities Act (the "ADA").

4. The allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore leaves Plaintiff to his proof.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore leaves Plaintiff to his proof.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore leaves Plaintiff to his proof.

10. The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required.

**NATURE OF THE CASE**

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

**STATEMENT OF FACTS**

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore leaves Plaintiff to his proof.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore leaves Plaintiff to his proof.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore leaves Plaintiff to his proof.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore leaves Plaintiff to his proof.

27. Defendant denies the allegations in paragraph 27 of the Complaint, except admits the allegations in the first sentence of paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Section 508 of the Rehabilitation Act speaks for itself and, as such, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore leaves Plaintiff to his proof.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

## **CLASS-ACTION ALLEGATIONS**

64. Defendant denies the allegations in paragraph 64 of the Complaint, except admits that Plaintiff purports to bring this action as a class action under Article 9 of the CPLR.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

**PUBLIC-ACCOMMODATION CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE N.Y.C. ADMIN. CODE §§ 8-101 *ET SEQ.***

75. Defendant repeats its responses to paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76. The allegations in paragraph 76 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y.C. Administrative Code § 8-107(4)(a), which speaks for itself, and, for clarity, any allegations in paragraph 80 of the Complaint are denied.

77. The allegations in paragraph 77 of the Complaint state a legal conclusion to which no response is required. Nonetheless, to the extent a response is required, the allegation in paragraph 77 of the Complaint is denied.

78. The allegations in paragraph 78 of the Complaint state a legal conclusion to which no response is required. Nonetheless, to the extent a response is required, the allegation in paragraph 78 of the Complaint is denied.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. The allegations in paragraph 80 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y.C. Administrative Code § 8-107(15)(a), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 80 of the Complaint are denied.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

## SECOND CAUSE OF ACTION
### VIOLATION OF N.Y. EXEC. L. §§ 290, *ET SEQ.*

88. Defendant repeats its responses to paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89. The allegations in paragraph 89 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y. Exec. Law § 296(2)(a), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 89 of the Complaint are denied.

90. The allegations in paragraph 90 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 90 of the Complaint.

91. The allegations in paragraph 91 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it is subject to the New York State Human Rights Law.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. The allegations in paragraph 93 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court

to N.Y. Exec. Law § 296(2)(c)(i), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 93 of the Complaint are denied.

94. The allegations in paragraph 94 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y. Exec. Law § 296(2)(c)(ii), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 94 of the Complaint are denied.

95. Defendant denies the allegations in paragraph 95 of the Complaint.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

**THIRD CAUSE OF ACTION**
VIOLATION OF THE ADA, 42 U.S.C. §§ 12181, ET SEQ.

103. Defendant repeats its responses to paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104. The allegations in paragraph 104 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 12182(a), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 104 of the Complaint are denied.

105. The allegations in paragraph 105 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 105 of the Complaint.

106. The allegations in paragraph 106 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to 12182(b)(1)(A)(i), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 106 of the Complaint are denied.

107. The allegations in paragraph 107 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 12182(b)(1)(A)(ii), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 107 of the Complaint are denied

108. The allegations in paragraph 108 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 108 of the Complaint are denied.

109. Defendant denies the allegations in paragraph 109 of the Complaint.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

## FAIR-HOUSING CAUSES OF ACTION

### FOURTH CAUSE OF ACTION
### VIOLATION OF N.Y.C. ADMIN. CODE §§ 8-101, *ET SEQ.*

111. Defendant repeats its responses to paragraphs 1 through 110 of the Complaint as if fully set forth herein.

112. The allegations in paragraph 112 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court

to N.Y.C. Admin. Code § 8-107(5)(a)(1)(a)-(b), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 112 of the Complaint are denied.

113. The allegations in paragraph 113 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y.C. Admin. Code § 8-107(5)(a)(2), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 113 of the Complaint are denied.

114. The allegations in paragraph 114 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y.C. Admin. Code § 8-107(5)(c)(1)-(2), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 114 of the Complaint are denied.

115. The allegations in paragraph 115 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y.C. Admin. Code § 8-107(5)(3)(1), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 115 of the Complaint are denied.

116. The allegations in paragraph 116 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y.C. Admin. Code § 8-107(5)(f), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 116 of the Complaint are denied.

117. Defendant denies the allegations in paragraph 117 of the Complaint.

118. Defendant denies the allegations in paragraph 118 of the Complaint.

119. Defendant denies the allegations in paragraph 119 of the Complaint.

120. Defendant denies the allegations in paragraph 120 of the Complaint.

121. Defendant denies the allegations in paragraph 121 of the Complaint.

122. Defendant denies the allegations in paragraph 122 of the Complaint.

123. Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

125. Defendant denies the allegations in paragraph 125 of the Complaint.

126. Defendant denies the allegations in paragraph 126 of the Complaint.

127. Defendant denies the allegations in paragraph 127 of the Complaint.

128. Defendant denies the allegations in paragraph 128 of the Complaint.

## FIFTH CAUSE OF ACTION
### VIOLATION OF N.Y. EXEC. L. §§ 290, *ET SEQ*.

129. The allegations in paragraph 129 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y. Exec. L. § 296(5)(a)(1), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 129 of the Complaint are denied.

130. The allegations in paragraph 130 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to N.Y. Exec. L. § 296(5)(a)(3), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 130 of the Complaint are denied.

131. Defendant denies the allegations in paragraph 131 of the Complaint.

132. Defendant denies the allegations in paragraph 132 of the Complaint.

133. Defendant denies the allegations in paragraph 133 of the Complaint.

134. Defendant denies the allegations in paragraph 134 of the Complaint.

135. Defendant denies the allegations in paragraph 135 of the Complaint.

136. Defendant denies the allegations in paragraph 136 of the Complaint.

137. Defendant denies the allegations in paragraph 137 of the Complaint.

138. Defendant denies the allegations in paragraph 138 of the Complaint.

139. Defendant denies the allegations in paragraph 139 of the Complaint.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE FHA, 42 U.S.C. §§ 3605, *ET SEQ.*

140. The allegations in paragraph 140 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 3605(a), which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 140 of the Complaint are denied.

141. The allegations in paragraph 141 of the Complaint state a proposition of law to which no response is required. To the extent a response is required, Defendant refers the Court to 42 U.S.C. § 3606, which speaks for itself and, for clarity, any allegations as to Defendant as may be contained in paragraph 141 of the Complaint are denied.

142. Defendant denies the allegations in paragraph 142 of the Complaint.

143. Defendant denies the allegations in paragraph 143 of the Complaint.

144. Defendant denies the allegations in paragraph 144 of the Complaint.

145. Defendant denies the allegations in paragraph 145 of the Complaint.

146. Defendant denies the allegations in paragraph 146 of the Complaint.

147. Defendant denies the allegations in paragraph 147 of the Complaint.

148. Defendant denies the allegations in paragraph 148 of the Complaint.

149. Defendant denies the allegations in paragraph 149 of the Complaint.

150. Defendant denies the allegations in paragraph 150 of the Complaint.

## SEVENTH CAUSE OF ACTION
### DECLARATORY RELIEF

151. Defendant repeats its responses to paragraphs 1 through 150 of the Complaint as if fully set forth in full herein.

152. Defendant denies the allegations in paragraph 152 of the Complaint, except admits that it denies having engaged in any unlawful conduct toward Plaintiff, or that Plaintiff is entitled to any relief.

153. Defendant denies the allegations in paragraph 153 of the Complaint, except admits that it denies having engaged in any unlawful conduct toward Plaintiff, or that Plaintiff is entitled to any relief.

154. Defendant denies the allegations in paragraph 154 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or anyone whom he purports to represent is entitled to any relief requested at pages 27 through 28 of the Complaint, or to any other relief.

## DEMAND FOR TRIAL BY JURY

Defendant denies that Plaintiff is entitled to a trial by jury.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendant asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

**THIRD DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the causes of action are based on visits to the website at issue more than two years before the date the Complaint was filed.

**FOURTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred because the statutes alleged in the Complaint do not require accessibility to the website at issue and/or to all portions of the website at issue.

**FIFTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law (including the private industry Website Content Accessibility Guidelines cited in the Complaint) renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

**SIXTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred because the barrier removal Plaintiffs seek under the ADA is not "readily achievable," easily accomplishable,

or able to be carried out without causing Defendant undue hardship and/or fundamentally altering the nature of the website at issue.

### SEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the website at issue was designed in violation of the ADA or New York state or local law, because neither the ADA, nor any New York state or local law, nor any of the statutes' implementing regulations, address accessibility to websites.

### EIGHTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of federal, states and local law.

### NINTH DEFENSE

Plaintiff's damages, if any, are barred to the extent Plaintiff has failed to mitigate or reasonably attempt to mitigate any damages.

### TENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendant's alleged failure to provide reasonable modifications or auxiliary aids or services.

### ELEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

**TWELFTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent Plaintiff's injury or injuries, if any, was or were caused by third parties acting outside the scope of agency, employment or control of Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent the operation of certain aspects of the websites at issue are subject to the control of third parties acting outside the scope of agency, employment or control of Defendant.

**FOURTEENTH DEFENSE**

Plaintiff's claim for injunctive relief is barred to the extent Plaintiff lacks standing to seek or receive the injunctive relief sought in the Complaint.

**FIFTEENTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

**SIXTEENTH DEFENSE**

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff's requested modifications of policies, practices and procedures are not necessary to Plaintiff's equal access to the portions of the websites at issue that operate as a place of public accommodation and/or are not reasonable modifications to Defendant's alleged policies, practices and procedures.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the websites at issue for their intended purpose.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent all or certain portions of the websites at issue are not a public accommodation or do not have a nexus to a place of public accommodation.

## NINETEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to states a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to states a date or dates on which he allegedly encountered barriers on the website at issue, to identify specific portions of the website at issue at which barriers allegedly were encountered, and to identify specific barriers on the website at issue.

## TWENTIETH DEFENSE

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that Plaintiff's claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

## TWENTY-SECOND DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because Defendant does not own or operate the website at issue.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and Affirmative Defenses to assert additional defenses and/or affirmative defenses based upon information obtained during pretrial discovery.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendant its costs and attorneys' fees; and granting to Defendant such other relief as the Court may deem just and proper.

Dated: January 9, 2020  
      New York, New York

Respectfully submitted

OGLETREE, DEAKINS, NASH,  
 SMOAK & STEWART, P.C.

By: */s/ Evan B. Citron*  
    Evan B. Citron  
599 Lexington Avenue, 17th Floor  
New York, NY 10022  
212.492.2500  
evan.citron@ogletree.com

*Attorneys for Defendant*  
*Yardi Systems, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 9, 2020, I served, via the CM/ECF system, a true and correct copy of the foregoing Defendant Yardi Systems, Inc.'s Answer and Affirmative Defenses to the Complaint upon all parties registered to receive electronic notice.

    */s/ Evan B. Citron*
Evan B. Citron
